(Cleveland Police Court.)

## CITY OF CLEVELAND v. LOUIS L. MALM.

*Emission of dense smoke—Ordinance to suppress—*

The ordinance of the city of Cleveland providing that ''the emission of dense smoke from any chimney anywhere in the city, o from the smoke-stack of any boat, locomotive, or stationary engine or boiler, within the limits of the city of Cleveland, shall be deemed and is hereby declared to be a public nuisance,'' and providing for punishment therefor, is invalid, because:

First, the ordinance is indefinite, uncertain and vague.

Secondly, the city council transcended its power, granted to it by the legislature, in declaring the emission of smoke per se a nuisance.

Thirdly, the city council exceeded its grant of power in that it prohibits the emission of smoke under any and all circumstances, and at any time, instead of regulating the same.

The word ''dense,'' as used in the ordinance, is uncertain, indefinite and vague. What may appear dense in the eyes of one, may not appear so in the eyes of another.

---

FIELDLER, J.

The city of Cleveland through its health officer, commenced the proceedings in the above entitled action against Louis L. Malm, for the violation of what has been termed the ''Smoke Ordinance.'' The ordinance provides that the emission of dense smoke from any chimney anywhere in the city, or from the smoke-stack of any boat, locomotive, or stationary engine or boiler within the limits of the city of Cleveland, shall be deemed and is hereby declared to be a public nuisance, and the owner, lessee, engineer. fireman, or other person or employe having charge or control of, or operating any boat, locomotive, or stationary engine or boiler, manufactory,

building or premises, within the corporate limits of said city, who shall cause or permit dense smoke to issue from any smoke-stack or chimney thereof, or connected therewith, shall be deemed and held guilty of creating a public nuisance, and shall for the first offense be fined not less than ten dollars nor more than fifty dollars, and for each subsequent offense, not less than twenty-five dollars nor more than one hundred dollars.

The information of the Prosecuting Attorney filed in this case, charges, that on the 16th day of August, in the year A. D. 1897, and on divers other days and times between the 27th day of October, A. D. 1896, and said 16th day of August, 1897, at the city of Cleveland, in said county of Cuyahoga and state of Ohio, one Louis L. Malm, having then and there and during said times aforesaid, charge and control of a certain building known as the Arcade, situate on Euclid avenue in said city, did unlawfully and knowingly then and there and on the divers other days and times aforesaid, cause and permit certain dense smoke to issue from a certain smoke-stack and chimney connected with said building, contrary to the form of the ordinance in such case made and provided. To this information counsel for the defendant filed a demurrer, setting forth in the same that the facts stated in the affidavit, information and complaint did not constitute an offense against the laws of the state of Ohio and the city of Cleveland, and that the ordinance upon which the charge is founded is unconstitutional and void. The ordinance now in force is the same as the ordinance which was declared unconstitutional by the Court of Common Pleas in its January Term, A. D. 1896, excepting that the maximum fine was reduced from one hundred dollars to fifty dollars. The old ordinance was held unconstitutional upon two grounds: first, that the legislature did not empower municipalities to declare smoke per se a nuisance, and secondly, that the ordinance was also invalid for uncertainty, and in conclusion the court also held the ordinance unconstitutional, by reason of the fact that the fine was excessive.

The fine in the new ordinance, as I have just said, was reduced from one hundred dollars to fifty dollars, thus remedying the last objection to the ordinance. Immediately after the ordinance was declared unconstitutional, the legislature enacted sec. 1692f (1). This gives the city council the power to determine what shall be a nuisance and to abate the same, to impose fines upon parties who may create, continue, or suffer a nuisance to exist. The court overruled the demurrer after the points raised in the same were argued pro and con by the counsel for the defense and the prosecutor; and in so doing the court was

of the opinion that the defects in said ordinance had been cured by the legislative enactment known as sec. 1692f (1). The defendant then entered a plea of not guilty, and the evidence on the part of the city and the defense was heard, and the case was then argued at length by counsel for the defendant and the prosecuting attorney. Without going into the evidence in the case, let us first consider the ordinance and the general grants of power upon the strength of which the ordinance was passed by the city council.

It is well settled by all text-book writers, that criminal statutes and criminal ordinances must be couched in language that is definite, specific and certain; they must not contain words, terms or phraseology, that are vague or ambiguous. The offense charged in criminal statutes and ordinances should define the offense intended to be prohibited plainly and clearly; so that the complaint, which may be filed against any person for an infraction of a criminal statute or ordinance, will completely apprise the defendant of the offense under which he stands charged, and will not in any way leave him in the dark.

Is the word "dense", as used in the ordinance, definite, specific and certain in its meaning, or is it indefinite, uncertain and vague? Webster in his unabridged Dictionary, defines dense as follows: having the constituent parts closely united, close, compact. The word dense, in the opinion of the court, does not convey a definite meaning to one's mind, what may appear to be dense smoke to my eyes may not appear to be dense to another's eyes. Thus, if the word "fast" should be used in an ordinance prohibiting fast driving in certain streets of the city; what might appear to be fast to my mind would not be fast to another's.

In the case of Patrick McConville v. The Mayor et al., in the 39th of New Jersey Law Reports, an ordinance, which provided: That no person or persons shall drive, or cause to be driven, any drove or droves of horned cattle (except milch cows) through any of the streets, avenues, etc., in Jersey City, was set aside because it was bad for vagueness and uncertainty in the thing forbidden. The word drove was not sufficiently definite, specific and certain.

In the winter of 1894, when I was prosecuting attorney, I refused to grant papers for the violation of the Street Car Heating Ordinance, for the reason that the same was vague, indefinite and uncertain. The ordinance read as follows: Every individual, company or corporation, to whom shall hereafter be granted the privilege to construct and operate street railroads in the city of Cleveland, and all persons, companies and corporations operating roads already established, shall cause the cars to be heated to the satisfaction of the board of improvements during the winter months. That left it to the wise discretion of the board of improvements as to how the cars should be heated; not stating to what degree of temperature the same should be heated. The council afterwards passed an ordinance making it compulsory to have cars heated to not less than 60 degrees Farenheit during the winter months and so the court might go on citing any number of cases in which ordinances were declared invalid by reason of not expressing clearly and plainly, the thing prohibited.

Now, let us briefly consider the legislative enactments, which gave the council the power to pass the Smoke Ordinance. The first one is sec. 1692a, and reads as follows:

"That cities and incorporated villages shall have power to regulate and compel the consumption of smoke, emitted by the burning of coal and to prevent injury and annoyance from the same." The second legislative enactment, to-wit: 1692f (1) reads: "To determine what shall be a nuisance and to abate the same; to impose fines upon parties who may create, continue, or suffer a nuisance to exist."

Sec. 374, of Dillon's Municipal Corporations, reads: "It is to secure and promote the public health, safety and convenience that municipal corporations are so generally and so liberally empowered with power to prevent and abate nuisances. This authority and its summary exercise may be constitutionally conferred on the incorporated place. and it authorizes its council to act against that which comes within the legal notion of a nuisance; but such power conferred in general terms, cannot be taken to authorize the extra judicial condemnation and destruction of that as a nuisance which, in its nature, situation, or use, is not such."

Speaking upon this subject in a very important case, where a city under authority to prevent and restrain encroachments on rivers running through it, commenced summary proceeding to remove a private wharf, an eminent Judge uses this language: "But the mere declaration by the city council that a certain structure was an encroachment or obstruction did not make it so, nor could such declaration make it a nuisance unless it in fact had that character." The emission of smoke at common law was not in and of itself a nuisance, neither has any statute of this state made the emission of smoke per se a nuisance. The emission of smoke becomes only then a nuisance when it is a nuisance in fact, and to be a nuisance in fact would depend entirely upon whether it was injurious to health, damaging to property or annoying to the inhabitants of a locality, and that in turn would depend

upon the character of the smoke—the quantity of smoke, the locality in which the same is emitted, and the surrounding circumstances.

Sec. 379, of Dillon's Municipal Corporation, in speaking of the extent of authority over nuisances, says: "The authority to preserve the health and safety of the inhabitants and their property, as well as the authority to prevent and abate nuisances, is a sufficient foundation for ordinances to suppress and prohibit whatever is intrinsically and inevitably a nuisance.

The authority to declare what is a nuisance, is somewhat broader; but neither this nor the general authority mentioned in the last preceding sentence will justify the declaring of acts, avocations, or structures not injurious to health or property to be nuisances. And this very authority the city claims it has, i. e., to declare the emission of smoke per se a nuisance, irrespective of the fact whether it is injurious to health, damaging to property or annoying to the inhabitants of a locality.

In support of this proposition, I will also cite the case of The Village of Desplaines v. Benjamin Poyer, of which sec. 1, of the syllabi says: "The power given by law to incorporated cities and villages, to declare what shall be a nuisance, does not authorize a village to declare it as a nuisance which is not such in fact." Therefore, I say the council has clearly transcended the power granted to them by the legislature in declaring emission of smoke per se a nuisance.

And now in conclusion, let us again revert to sec. 1692a. What does it say, that cities and incorporated villages shall have the power to regulate and compel the consumption of smoke emitted by the burning of coal, etc. What does the ordinance say? The ordinance says, the owner, lessee. etc., or other person or employe, having charge or control of, or operating any boat, locomotive or stationary engine or boiler, manufactory, building or premises within the corporate limits of said city who shall cause or permit dense smoke to issue from any smoke-stack or chimney thereof or connected therewith, shall be deemed and held guilty of creating a public nuisance. That is to say. whoever causes or permits the emission of dense smoke under any and all circumstances and at all times, whether, with the most improved smoke consuming device, a person kindles a fire in his furnace, or whether, when the fire perchance has died out. he replenishes the fire. or whether he is in the act of cleaning his grate from clinkers or other refuse matter, he shall be deemed guilty of creating a public nuisance. This is clearly unreasonable and not within the power granted to the council by the legislature. The legislature gave the council the power to regulate the consumption of smoke, but did not give them the power to prohibit the same under any and under all circumstances and at any and all times. Thus then the council has again exceeded its powers, and thereby rendered the ordinance void and invalid. The city of Cleveland is now the metropolis of Ohio, having a population of nearly 400,000 inhabitants. It has become so prosperous and so populous by reason of its diversified manufacturing interests, and no doubt in the districts containing most of our manufacturing establishments, there is a vast emission of smoke, emitted by the burning of the vast quantities of coal consumed in the furnaces of the various manufactures. And the court has no doubt in the least that the emission of this smoke is injurious and annoying to the health and comfort of the people living in these districts and elsewhere. I have furthermore no doubt that it is damaging to the property, both real and personal, of the same individuals, and to the goods, wares and merchandise of a great many merchants; but in order that these individuals may be free, to a certain extent, from this injury, annoyance or damage, the council must pass an ordinance which will stand the test and not be open to the objections cited. The ordinance must, therefore, be held void and invalid in view of these defects, to-wit:

First: That the ordinance is indefinite, uncertain and vague.

Secondly: That the city council transcended its power, granted to it by the legislature, in declaring the emission of smoke per se a nuisance.

Thirdly: That the city council exceeded its grant of power in that it prohibits the emission of smoke under any and all circumstances, and at any time, instead of regulating the same.

Kennedy, Schindler & Brinsmade, for City.

Hessenmueller & Bemis, for Defendant.

---

(Superior Court of Cincinnati.)